The Chancellor.
There is no proof of the agreement set up in the answer between the executors and Anderson at the time the money was received by him for which ho gave the mortgage. Nor is there any proof of insolvency of the complainant. These special grounds on which the application to make the set off is made, therefore, fail.
The question, then, is, can the distributive share due Anderson’s daughter, of whose estate he is guardian, and the share duo his present wife under this will, containing a provision giving the executors or the survivor of them the discretion to convey her share to a trustee for her separate use, be set off against the amount duo from Anderson to the complainant on the mortgage given by him to the executors 5 or can either of these shares be so set off.
In reference to the share of Anderson’s present wife, the discretion given by the will to the surviving executrix to vest it in a trustee for her separate use is a sufficient reason for refusing to allow the set off.
As to the share due Anderson’s ward, Anderson is not here as guardian, i. e. the bill does not bring him here as such, nor is the ward a party to the suit. And I do not see any peculiar circumstances to justify or call for the equitable interference of the Court.
Decree for complainant.